■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS PULIDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered May 10, 1985, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to controvert a search warrant.

Ordered that the judgment is affirmed.

This appeal arises out of a search, with a warrant, of a Flushing, Queens, apartment occupied by the defendant and his wife. A registered confidential informant of the United States Customs Service told an agent of the United States Customs Service that he had seen a large amount of drugs on a plexiglass table in the apartment. The informant also described the appearance of the defendant in detail, including his black eye; supplied the telephone number of the apartment which was unlisted; and described the physical layout of the apartment in detail. The agent was contacted by a New York City police officer who was investigating a related drug arrest. Together the two officers investigated the information which had been received from the confidential informant. After a confirmatory investigation, a search warrant was obtained. Upon execution of the warrant over one pound of cocaine was seized and the defendant and three others were arrested. Also seized was a triple-beam balance scale, carrying case and over $2,000 in cash.

During the search the officers found an amount of cocaine

in a jacket which had been lying on a couch in the living room in the apartment. When the defendant was to be taken into custody and was ready to leave for the precinct, he asked if he could wear his jacket and selected the same one in which the cocaine had been found. The officers had done nothing to suggest to the defendant to take that particular jacket. It was a spontaneous and voluntary act.

The defendant claims error, *inter alia,* in the affidavits in support of the warrant. The defendant has, however, failed to show that there were any inaccuracies in the affidavits submitted by the law enforcement agents or that they were false or intentionally misleading. It is clear that the affidavits set forth information given by the informant and specifically described the subsequent investigation by the officers and the results of that investigation *(see, People v Bartolomeo,* 53 NY2d 225; *People v Maddalena,* 49 AD2d 952).

Error is also claimed by the defendant in a late CPL 710.30 notice offered by the prosecution, notifying him of the planned use of his statement in which he had asked for his jacket which had contained cocaine. The defendant relies on two recent cases, *People v O'Doherty* (70 NY2d 479) and *People v Boughton* (70 NY2d 854) in which the Court of Appeals strictly construed the 15-day notice requirement pursuant to CPL 710.30. Compliance with this strict requirement is not necessary, however, where a statement was clearly spontaneous *(see, People v Greer,* 42 NY2d 170) as it was here. The defendant's claim of error in this regard is without merit.

We find that the trial court's decision not to hold a *Darden* hearing to confirm the informant's existence a proper exercise of discretion *(see, People v Darden,* 34 NY2d 177, *rearg denied* 34 NY2d 995). The defendant's other claims of error are unpreserved for appellate review, or without merit. Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.