■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD REID, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered June 4, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There was probable cause to arrest the defendant. First, the police were told by a civilian witness who knew the defendant that he had seen the defendant and two other men in an encounter with a homicide victim a few seconds before the victim was shot to death. Although this witness may not have seen whether it was the defendant who actually fired the fatal shots, his statement to police gave rise to probable cause to suspect the defendant of complicity in the homicide. Second, an anonymous phone call was received by the police, during which an unidentified informant stated that one of the murderers was "Reggie, who lives at 2930 West 30th Street, Sixth Floor, male black". Under these circumstances, there was probable cause to arrest the defendant in connection with the homicide *(see generally, People v McRay, 51 NY2d 594, 602; People v Miner, 42 NY2d 937, 938; People v Shaw, 128 AD2d 817, lv denied 70 NY2d 656).* While in custody after his arrest on the homicide charge, the defendant waived his *Miranda* rights and made certain uncounseled statements regarding his involvement in the separate crime which forms the basis of the instant indictment. Since there is no evidence that the detective who conducted this interrogation knew that there may have been other charges pending against the defendant, no violation of the defendant's New York State constitutional

right to counsel occurred *(see, People v Lucarano,* 61 NY2d 138, 145; *People v Fuschino,* 59 NY2d 91, 97-98).

We have examined the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be without merit. Bracken, J. P., Brown, Lawrence and Spatt, JJ., concur.