■ The People of the State of New York, Respondent, v Larry Smith, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered February 24, 1988, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement officials.

Ordered that the judgment is affirmed and the case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The People do not deny their failure to comply with the 15-day notice requirement of CPL 710.30 with respect to statements made by the defendant to Officers Giannone and Lavin. The defendant does not raise an issue of a lack of voluntariness in the making of the statements to Officer Giannone but argues that the People's failure to demonstrate good cause for not furnishing such notice required suppression of those statements pursuant to the strict construction approach of *People v O'Doherty* (70 NY2d 479; *see also, People v Bernier,* 73 NY2d 1006). However, because the voluntariness of the defendant's statements to Officer Giannone is not in issue, strict compliance with CPL 710.30 was not required *(see, People v Greer,* 42 NY2d 170, 178; *People v Pulido,* 138 AD2d 641; *compare, People v O'Doherty, supra).* Moreover, since the defendant's remarks to Officer Lavin were suppressed, albeit for failure to give the defendant the requisite preinterrogation warnings, the decision of the hearing court should be sustained.

We also conclude that the branch of the defendant's motion which was to suppress statements made in the patrol car while en route to the police precinct, for which notice was given, was properly denied. Although it is undisputed that such statements were made while the defendant was in custody and without the benefit of *Miranda* warnings, they were spontaneous and, therefore, admissible *(see, People v Stoesser,*

53 NY2d 648, 650; *People v Suarez,* 140 AD2d 558). The challenged statements were preceded only by questions requesting pedigree information, which were not likely to elicit incriminatory responses *(see, People v Padron,* 118 AD2d 599).

Lastly, we find no merit to the defendant's contention that the mandatory minimum sentencing provisions of Penal Law § 70.06 for second felony offenders are unconstitutional as applied to him. Upon our review of the record, we do not find that this is one of those "rare" cases envisioned by the Court of Appeals in *People v Broadie* (37 NY2d 100, 119, *cert denied* 423 US 950) where the statute has been unconstitutionally applied. Thompson, J. P., Bracken, Kunzeman and Spatt, JJ., concur.