OPINION OF THE COURT
William Mogulescu, J.
The defendant, Yechiel Ziskin, is charged with leaving the *448 scene of an accident (Vehicle and Traffic Law § 600 [2] [a]). The accusatory instrument filed with the court at arraignments on March 10, 1993 states in relevant part:
"Deponent further states that he is informed by the defendant that the defendant is the owner of the above-mentioned vehicle, that defendant was in New York County and was operating the above-mentioned vehicle on the above-mentioned date, and that defendant was the only person to operate the vehicle on said date.
"Deponent further states he is informed by the defendant that the defendant did report to his insurance company that he had an accident on the above-mentioned date, after speaking to deponent.”
The People did not, at this time, serve statement notice pursuant to CPL 710.30.
Defendant filed an omnibus motion on what appears to be June 8, 1993, requesting, among other things, preclusion of statements based on the People’s failure to provide notice pursuant to CPL 710.30. Specifically, defendant contends that the inclusion of the statements in the accusatory instrument does not relieve the People of their obligation to file notice of their intention to use these statements against defendant at trial. On June 17, 1993, the People filed and served a response and voluntary disclosure form (VDF). The VDF essentially reiterated the statements that were provided in the accusatory instrument. Additionally, the VDF indicated that the People intended to offer these statements at trial. Further, in their response, the People denied any illegality in obtaining defendant’s statements and maintain that timely notice was given since the statements contained in the VDF were identical to those contained in the accusatory instrument which was provided to counsel at arraignment.
Subsequent to filing their response, the People filed a supplemental affidavit in which they state that a detective investigating the alleged hit-and-run accident determined that defendant was the owner of the vehicle involved. As a result, the detective telephoned defendant’s home but was unable to speak with defendant; he left a message with defendant’s wife. The defendant returned the detective’s telephone call later that day. It was during this telephone conversation with the detective that the defendant made the statements which are the subject of defendant’s instant motion.
The People now argue that the defendant had actual notice *449 of the People’s intention to use the statements based on their inclusion in the misdemeanor complaint. In the alternative, the People contend that under these facts there exists a good cause exception to the 15-day notice requirement of CPL 710.30. Finally, the People also contend that notice need not be given where the voluntariness of defendant’s statement is not at issue. This court rejects both the argument that defendant had actual notice of the People’s intention to use the statements and the argument that a good cause exception exists in this case to the 15-day rule. However, the People’s third argument has merit.
CPL 710.30 (1) (a) requires that the People must serve notice of their intention to use "evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible.” CPL 710.30 (2) further provides that this notice must be served within 15 days of the defendant’s arraignment, allowing a good cause exception in the court’s discretion. The Court of Appeals in People v O’Doherty (70 NY2d 479 [1987]) has held that the 15-day notice requirement must be strictly complied with in the absence of any established good cause for the delay. Further, "[l]ack of prejudice to the defendant resulting from the delay does not obviate the need for the People to meet the statutory requirement of good cause before they may be permitted to serve a late notice.” (Supra, at 481.)
The law requires that the People give "actual” notice of their intention to use the statements. Merely providing the defendant with the fact that statements were made to a law enforcement official does not satisfy the statutory requirement. (People v Phillips, 183 AD2d 856, lv denied 80 NY2d 908 [1992].) The People’s argument that defendant was provided with "actual notice” of their intent to use the statement since the statement was set forth in the criminal court complaint is incorrect. In People v Welgoss (NYLJ, Feb. 7, 1992, at 27, col 2 [Crim Ct, Kings County]), a case where the defendant’s alleged statement was also contained in the information, in granting preclusion, Judge Garnett accurately stated the applicable principle of law in holding that "[t]he argument [advanced by the People] that the defendant was given the 'sum and substance’ of the statement in the information is unavailing. The suggestion that the statute is satisfied when the defendant, by whatever means, receives information that he allegedly made a statement to a police officer flies in the face of the plain and unambiguous command of the statute. *450 Such an interpretation would effectively abrogate the statute. The defendant’s pretrial awareness of an alleged statement does not relieve the People of the threshold requirement of serving a notice of intention to use that statement.” (Supra, at 27, col 3.)
However, despite the rigid requirement of CPL 710.30, not all statements fall within the rubric of the statute. Thus, statements which constitute "pedigree” information will not trigger the notice requirement as they are not subject to a motion to suppress. (See, People v Miller, 123 AD2d 721 [2d Dept 1986], lv denied sub nom. People v Keating, 70 NY2d 933 [1987].) Courts have also held that statements which constitute res gestae statements do not require notice. (See, People v Abedi, 156 Misc 2d 904 [Sup Ct, NY County 1993]; People v Wells, 133 AD2d 385 [2d Dept], lv denied 70 NY2d 939 [1987].) Additionally, statements to be used only for impeachment or those not made to law enforcement personnel generally do not require notice. (See, People v Bowden, 104 AD2d 695 [3d Dept 1984]; People v Hall, 133 AD2d 845 [2d Dept], lv denied 70 NY2d 932 [1987].)
Similarly, courts have held that where the voluntariness of a defendant’s statement is not in issue strict compliance with CPL 710.30 is not required. Thus, in People v Smith (151 AD2d 792 [2d Dept], lv denied 74 NY2d 900 [1989]), the Court found that the People’s failure to serve timely notice was not fatal, despite the "strict construction approach of People v O’Doherty, ” since defendant did not raise the issue of a lack of voluntariness. (Supra, at 792 [citations omitted].) Likewise, in People v Pulido (138 AD2d 641 [2d Dept], lv denied 72 NY2d 960 [1988]), the Court held that compliance with the strict 15-day notice requirement is not necessary where the statement is clearly spontaneous.
In the case now before this court, the People state that the statements were obtained in the course of a telephone conversation defendant had with a detective during the detective’s investigation of the incident which provides the basis for the instant charge. Thus, under these facts, it is clear that there is no issue of voluntariness before this court. The defendant’s statements were not the result of custodial interrogation and therefore no Miranda warnings were required. (See, People v Huffman, 41 NY2d 29, 33 [1976]; People v Estrada, 109 AD2d 977 [3d Dept 1985].) Further, the defendant’s papers do not make any allegations of any form of coercion which might raise a question as to the statements’ admissibility at trial.
*451 In People v Brown (140 AD2d 266 [1st Dept], lv denied 72 NY2d 955 [1988]), the Appellate Division held that when the defendant "would even arguably be entitled to a. pretrial hearing, the statutory notice must be supplied regardless of the District Attorney’s personal opinion that the defendant had not been subjected to custodial interrogation and regardless of the fact that, following a hearing, the trial court might reach the same conclusion.” (Supra, at 270.) The defendant’s statements in Brown were made in a face-to-face encounter with the police where there was at least a question as to whether the defendant had been detained prior to the statement. The Appellate Division was concerned that without notice "the defendant would be deprived of his right to procure a determination as to whether he was in custody when he made the disputed statement.” (Supra, at 269-270.) Here, in contrast, it is uncontroverted that the defendant’s statements were made in a telephone conversation which was initiated by the defendant who returned a call made to him by the detective. The defendant, therefore, is "not even arguably * * * entitled to a pretrial hearing.” (Supra, at 270.) There is no question whatsoever as to the voluntariness of the statement and the People therefore had no obligation to provide section 710.30 (1) (a) notice. (People v Greer, 42 NY2d 170 [1977].)
Accordingly, the People’s late notice is adequate and defendant’s motion to preclude the statements is denied. (See, People v Greer, supra; People v Smith, supra; People v Pulido, supra.)*

 Based on the foregoing decision, this court’s previous oral indication that a Huntley hearing would be appropriate should defendant’s preclusion motion be denied was erroneous.