■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GWENDOLYN CHASE, Appellant. [605 NYS2d 326] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered January 21, 1992, convicting her of criminally negligent homicide and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by her to the police.

Ordered that the judgment is affirmed.

The defendant contends that certain statements given by her to the police should have been suppressed because they were the product of an illegal arrest. We disagree. The victim's family, who were also related to the defendant, told the police that the defendant stabbed the victim. This information, which was corroborated by anonymous informants, provided the police with probable cause for the defendant's arrest. Accordingly, the defendant's statements were properly found to be admissible *(see, People v Reid,* 141 AD2d 774; *People v Paden,* 158 AD2d 554).

The defendant further contends that even though she was afforded a hearing on her motion to suppress, the court erred in failing to preclude her statement made to the arresting officer in the police car a few seconds after her arrest on the ground that no notice had been given pursuant to CPL 710.30. Assuming, arguendo, that the issue was preserved for appellate review, since the statement was not the product of police questioning but was spontaneous and uncontestably voluntary,

the People were not required to give notice pursuant to CPL 710.30 *(see, People v Greer,* 42 NY2d 170, 178; *People v Simmons,* 170 AD2d 15, 21; *People v Kimbell,* 169 AD2d 880; *People v Smith,* 151 AD2d 792; *People v Pulido,* 138 AD2d 641; *People v Early,* 85 AD2d 752). Moreover, even if error occurred, it was harmless *(see, People v Holland,* 179 AD2d 822).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.