■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERMAN DURDEN, Appellant. [614 NYS2d 171] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered February 14, 1991, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The order of trial prescribed by CPL 260.30 is not a rigid framework and the trial court has the discretionary power to alter the order of proof until such time as the case is submitted to the jury. Accordingly, the determination as to whether or not to reopen the trial is a matter resting within the sound discretion of the trial court (see, People v Olsen, 34 NY2d 349, 353; People v Foy, 32 NY2d 473, 476). Contrary to the defendant's contentions, we find that he was not prejudiced as a result of the court's ruling granting the People's application to reopen their case in order to present the testimony of an identification witness. The witness was named on the People's witness list and was expected to testify at trial. However, despite the People's diligent efforts to locate him both prior to and during trial, he was not located until after the close of summations. When the witness was located, the court granted the People's application to reopen their case, after which both sides were permitted to deliver supplemental summations on the testimony just presented. Under the circumstances, the court's ruling permitting the People to reopen their case, was not an improvident exercise of discretion (see, People v Hinkley, 178 AD2d 800).

Viewing the evidence adduced at trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions, including those contained in his supplemental pro se brief, and find them to be without merit. Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.