OPINION OF THE COURT
David Friedman, J.
In People v Chase (85 NY2d 493) the Court of Appeals modified a long-standing rule on spontaneous statements. In such decision the Court held that, where a defendant has made a statement to a law enforcement agent, the People are required to provide him with CPL 710.30 (1) (a) notice even though the statement was spontaneously made. The issue presented here is whether Chase has also expanded the notice requirement of *949 CPL 710.30 to require notice of a statement made by a defendant in custody to a private person which is overheard by a police officer. I conclude that such an expansive reading of Chase is unwarranted.*
Defendant is, inter alla, charged with attempting to rob the Super Laundry located at 829 Empire Boulevard in Brooklyn. On November 22, 1995 defendant returned to the scene and was spotted by the complainant. The police were called and defendant was arrested.
Defendant was taken to the 71st Precinct where he was given Miranda warnings. He declined to make a statement. While in the holding cell defendant spontaneously stated to Detective Jose Castro that the complainant accused him of robbery only because they had an argument. Several hours later defendant, while sitting at the detective’s desk, was allowed to make a telephone call to his sister. Detective Castro overheard defendant tell his sister that she should go to the laundromat, talk to the complainant and straighten him out.
The People timely served CPL 710.30 (1) (a) notice of the first statement and accordingly defendant moved to suppress it. Several days before the hearing, the People provided defendant with the Early Case Assessment Bureau (ECAB) sheet which placed him on notice of the existence of the second statement. At the hearing the People elicited evidence regarding both statements and defense counsel cross-examined the witness as to both statements.
At the conclusion of the Huntley portion of the hearing, defense counsel, for the first time, moved to preclude the second statement because of the People’s failure to give notice of it pursuant to CPL 710.30 (1) (a). That statute provides that, "1. Whenever the people intend to offer at trial (a) evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion * * * they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.”
Prior to the Court of Appeals decision in People v Chase (85 NY2d 493), it was generally recognized that the People were not required to give CPL 710.30 notice of a statement spontane *950 ously made to a law enforcement agent (see, People v Chase, 199 AD2d 405, 406, citing People v Greer, 42 NY2d 170, 178; People v Simmons, 170 AD2d 15, 21; People v Kimbell, 169 AD2d 880; People v Smith, 151 AD2d 792; People v Pulido, 138 AD2d 641; People v Early, 85 AD2d 752; see also, People v Cox, 215 AD2d 684, Iv denied 86 NY2d 841 [decided after the Court of Appeals decision in Chase]). Chase, however, effected a change in this rule.
In Chase (supra), the defendant was placed in a police car. A detective remained in the vehicle in order to watch her. After 20 seconds defendant without prompting stated that she stabbed the victim. The Appellate Division held that since the statement was not the product of police questioning but was spontaneous, the People were not required to give notice pursuant to CPL 710.30 (199 AD2d 405, supra). The Court of Appeals in modifying the order of the Appellate Division concluded that, since there had been no CPL 710.30 (1) (a) notice, the statement should have been precluded. In so holding the Court stated (at 500), "Since the statement here was made to a law enforcement official and the defendant had the right to have a court review the circumstances under which the statement was given and to determine its voluntariness, including whether it was truly spontaneous or the functional equivalent of interrogation [citations omitted], defendant was entitled to notice under CPL 710.30 (1) (a)” (emphasis supplied).
A question thus arises as to whether Chase (supra) requires CPL 710.30 notice of statements which the police overhear an arrested defendant make to a person unassociated with law enforcement authorities. The argument in support of requiring notice is that the statement is a specie of the spontaneous statement at issue in Chase since it was uttered in the presence of a police officer by a defendant in custody (see, People v Eldridge, 213 AD2d 667). In my view, Chase does not contemplate such an expansion of CPL 710.30 (1) (a) requirements.
It is true that Chase (supra) broadly holds that it is for the court rather than the parties to determine whether a statement was truly voluntary. The statement in Chase, however, was made to a police officer. This fact is of critical significance since CPL 710.30 (1) (a) by its plain language only requires notice of statements "made by a defendant to a public servant.” Chase, in noting that the defendant’s statement had been "made to a law enforcement official” (People v Chase, supra, at 500) effectively acknowledges a distinction between a statement made to a public servant and a statement merely made *951 in the presence of a public servant. Hence I conclude that Chase did not expand the notice requirement of CPL 710.30 to statements spontaneously made by a defendant in custody where an officer merely overhears him make a statement to a private person (see, People v Smith, 100 Misc 2d 823). In sum, a statement made in the presence of a police officer is not the equivalent of a statement made to an officer.
Accordingly, under the circumstances of this case, preclusion is unwarranted and defendant’s motion is denied.

 At the conclusion of the Huntley hearing I denied defendant’s Huntley motion and the reasons for such denial were set forth on the record. The branch of the motion seeking preclusion was also denied. This opinion explains the reasons for denial of preclusion.