Tanenbaum, J.
(dissenting and voting to reverse the judgment of conviction and remit the matter to the City Court for a new trial, in the following memorandum). Contrary to the conclusion of the majority, I find that the evidence, viewed in the light most favorable to defendant, sufficiently supports a justification defense. Photographs in evidence of the grave, life-threatening injuries inflicted on defendant are at variance with police testimony as to police conduct in the incident in issue. Consequently, it was reversible error for the City Court to fail to instruct the jury as to said defense (see People v Watts, 57 NY2d 299, 301 [1982]). The court also improperly allowed the People to elicit testimony regarding defendant’s alleged prior bad acts and mental state. Moreover, the statement that defendant made to the police should not have been admitted into evidence since the People failed to provide defendant with notice of their intent to use the statement (see CPL 710.30; People v Chase, 85 NY2d 493, 500 [1995]). In addition, the People, without any valid reason, ignored the court’s Molineux suppression ruling and elicited testimony that had been suppressed.
*83 These errors deprived defendant of a fair trial, requiring that the judgment of conviction be reversed and a new trial ordered.
Nicolai, EJ., and LaCava, J., concur; Tanenbaum, J., dissents in a separate memorandum.