■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL THOMPSON, Appellant. [916 NYS2d 151]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered March 29, 2007, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Dismissal of an indictment pursuant to CPL 210.35 (5) is appropriate where the grand jury proceeding is defective in that it fails "to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]; *see* 210.20 [1] [c]). "The exceptional remedy of dismissal . . . under CPL 210.35 (5) should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (*People v Huston*, 88 NY2d 400, 409 [1996]; *see People v Ramirez*, 298 AD2d 413 [2002]). "Typically, the submission of some inadmissible evidence will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment" (*People v Huston*, 88 NY2d at 409).

The defendant's contention that the prosecutor improperly elicited testimony regarding his postarrest silence during questioning before the grand jury is not preserved for appellate review because it was not asserted as a basis to dismiss the indictment in the defendant's motion (*see* CPL 470.05 [2]) and, in any event, it is without merit. Furthermore, although the prosecutor improperly suggested that the defendant participated in other crimes, the grand jury proceeding did not fail to conform to the requirements of CPL article 190 to such a degree that the integrity thereof was impaired and, in view of the sufficiency of the independent, admissible proof which supported the indictment, no prejudice to the defendant could have resulted from the improperly elicited testimony and comments (*see* CPL 210.35 [5]; *People v Miles*, 76 AD3d 645 [2010]; *People v Read*, 71 AD3d 1167, 1168 [2010]; *People v Walton*, 70 AD3d 871, 873 [2010]; *cf. People v Huston*, 88 NY2d at 409-411).

The determination whether to reopen a trial is a matter resting within the sound discretion of the trial court (*see People v*

*Caban*, 5 NY3d 143, 151 [2005]; *People v Olsen*, 34 NY2d 349, 353 [1974]; *People v Durden*, 204 AD2d 480, 481 [1994]). Contrary to the defendant's contentions, he was not prejudiced as a result of the trial court's ruling granting the People's application to reopen their case in order to admit a previously suppressed glove into evidence. Defense counsel's comments during summation opened the door to the admission of the evidence (*see People v Massie*, 2 NY3d 179, 184 [2004]). Following the admission of the glove, the defendant was given an opportunity to deliver supplemental summations. Under the circumstances, the trial court's ruling permitting the People to reopen their case was not an improvident exercise of discretion (*see People v Walker*, 215 AD2d 418 [1995]; *People v Durden*, 204 AD2d at 481).

Under the circumstances of this case, the defendant was not deprived of his right to a public trial by the trial court's determination to exclude his friend, codefendant Shawn Berry, from the courtroom during the testimony of certain defense witnesses. This very limited exclusion was justified in light of Berry's potential role as a rebuttal witness for the People (*see People v Stover*, 36 AD3d 837 [2007]; *People v Marsalis*, 3 AD3d 509, 510 [2004]; *People v Mitchell*, 224 AD2d 551 [1996]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention regarding an alleged *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Jacobs*, 71 AD3d 693 [2010]) and, in any event, is without merit (*see People v Salton*, 74 AD3d 997, 998 [2010]).

The defendant challenges certain remarks made by the prosecutor on summation as improper and having deprived him of a fair trial. Most of the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, fair comment on the evidence, or responsive to argu-

ments and theories presented in the defense summation (*see People v Smalls*, 65 AD3d 708 [2009]; *People v Maisonett*, 64 AD3d 794, 794-795 [2009]; *People v Stiff*, 60 AD3d 1094 [2009]; *People v Charles*, 57 AD3d 556 [2008]). Any error resulting from the remaining challenged remarks was harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Smith*, 36 AD3d 836, 837 [2007]). To the extent that the prosecutor elicited testimony that tended to suggest the defendant attempted to intimidate a witness, the trial court's curative instructions to the jury remedied any potential prejudice (*see People v Heath*, 70 AD3d 857 [2010]; *People v Benloss*, 60 AD3d 686 [2009]).

The defendant's argument alleging ineffective assistance of counsel is without merit (*see People v Baldi*, 54 NY2d 137, 151-152 [1981]).

The remaining contentions raised by the defendant in his main brief and pro se supplemental brief are without merit. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.