Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered August 15, 2012, convicting him of driving while intoxicated in violation of Vehicle and Traffic § 1192 (2) and aggravated unlicensed operation of a motor vehicle in the first degree, upon a jury verdict, and imposing sentence.
*921 Ordered that the judgment is affirmed.
The defendant, who was represented by counsel at trial, contends that the County Court erred in declining to entertain his pro se motion for a change of venue. However, a defendant who chooses to defend through counsel cannot, as of right, make motions, and the decision whether to entertain a pro se motion is solely within the court’s discretion (see People v Rodriguez, 95 NY2d 497, 501-502 [2000]; People v Rogers, 63 AD3d 1631 [2009]; People v Delgado, 285 AD2d 654 [2001]). Here, the County Court did not improvidently exercise its discretion in declining to entertain the pro se motion, which was not adopted by defense counsel (see People v Miles, 8 AD3d 758 [2004]; People v Smith, 278 AD2d 126 [2000]).
The defendant also contends that, during the trial, the People improperly elicited statements that he made to law enforcement officials that were not noticed to the defense pursuant to CPL 710.30, and which were not explored at a Huntley hearing (see People v Huntley, 15 NY2d 72 [1965]). This contention is without merit. The statements in question were not the product of police questioning, but were “spontaneous and uncontestably voluntary,” and thus, the People were not required to give notice pursuant to CPL 710.30 (People v Cox, 215 AD2d 684, 685 [1995]; see People v Greer, 42 NY2d 170, 178 [1977]; People v Chase, 199 AD2d 405, 406 [1993]).
A trial court has the power to alter the order of proof, in its discretion and in the furtherance of justice, at least up to the time the case is submitted to the jury (see People v Whipple, 97 NY2d 1, 6 [2001]; People v Washington, 71 NY2d 916, 918 [1988]; People v Durden, 204 AD2d 480 [1994]). Contrary to the defendant’s contention, he was not prejudiced as a result of the County Court’s determination permitting the People to reopen their case to submit his mugshot into evidence (see People v Durden, 204 AD2d at 481).
The defendant further contends that he was prejudiced by the County Court’s decision to grant the People’s motion in limine, made one day after the time frame given by the court for such motions, to admit into evidence his Department of Motor Vehicles driving abstract, which indicated a prior conviction of driving while intoxicated and a license suspension. The abstract was admissible pursuant to the business records exception to the hearsay rule (see CPLR 4518 [a]; CPL 60.10) and did not violate the defendant’s constitutional right to confrontation (see People v Stewart, 68 AD3d 1438 [2009]; People v Carney, 41 AD3d 1239, 1240 [2007]; see also People v Maldonado, 44 AD3d 793 [2007]; see generally Crawford v Washington, 541 US 36, *922 51-54 [2004]). In addition, the defendant has not demonstrated that he was prejudiced by the admission of the abstract.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit.
Mastro, J.P, Lott, Sgroi and Cohen, JJ., concur.