Smith, J.
(concurring). Four Judges agree that we should affirm in the first two of these cases and reverse in the third, but we disagree on the rationale. The issue that divides us is whether to apply the Aguilar-Spinelli test to stops that require only reasonable suspicion. We have never done so before, and I think we should not do so now, because the Aguilar-Spinelli test needlessly complicates and confuses the analysis of reasonable suspicion issues.
Under the rule established by Aguilar v Texas (378 US 108 [1964]) and Spinelli v United States (393 US 410 [1969]), whether information supplied by an informant to the police is sufficient to provide probable cause for a search or a seizure is decided by the application of a two-pronged test: Courts must evaluate both the basis of the informant’s knowledge and the *1142 reliability or veracity of the informant himself (see People v Johnson, 66 NY2d 398, 402-403 [1985]). The United States Supreme Court, finding the test too rigid, abandoned it in Illinois v Gates (462 US 213 [1983]) in favor of “totality-of-the-circumstances analysis” (id. at 233) — a polysyllabic way of saying that courts look at all the facts and see if they add up to probable cause. But our Court has rejected the Gates approach and continues to apply the Aguilar-Spinelli rule to probable cause issues (Johnson, 66 NY2d at 406-407; People v Griminger, 71 NY2d 635, 639 [1988]).
In applying the Aguilar-Spinelli rule, we have moderated the rigidity of the two-pronged test by holding that evidence corroborating the informant’s statements may, in some cases, satisfy either the basis-of-knowledge or the veracity/reliability prong (People v Elwell, 50 NY2d 231, 234-235 [1980] [basis-of-knowledge prong may be satisfied only by “confirmation of sufficient details suggestive of or directly related to the criminal activity informed about”]; People v DiFalco, 80 NY2d 693, 695 [1993] [“the veracity component . . . may ... be satisfied by police corroboration of details that are not, if taken separately, suggestive of criminal activity”]). To the extent that such evidence — which does not directly prove either the basis of the informant’s knowledge or his truthfulness — may satisfy either prong, the two prongs tend to merge, and the Aguilar-Spinelli rule begins to resemble the totality-of-the-circumstances test.
While we have attenuated the Aguilar-Spinelli rule in the probable cause context, we have not, so far as I know, even applied it before today where the issue was reasonable suspicion. We have decided several reasonable suspicion cases without any reference to the Aguilar-Spinelli rule (People v Moore, 6 NY3d 496 [2006]; People v Salaman, 71 NY2d 869 [1988]; People v Benjamin, 51 NY2d 267 [1980]; People v Stewart, 41 NY2d 65 [1976]). In People v Landy (59 NY2d 369, 375-377 [1983]), we relied on the Aguilar-Spinelli rule in concluding that probable cause was lacking, but then left that rule unmentioned in upholding the search and arrest on the ground that a finding of reasonable suspicion was supported by the record (see also People v Chase, 85 NY2d 493, 501 [1995] [holding probable cause to be lacking on Aguilar-Spinelli grounds; remitting the case, without further mention of Aguilar-Spinelli, for determination of the reasonable suspicion issue]).
Today, two of my colleagues would extend the Aguilar-Spinelli standard “to the determination of the legality of investigatory *1143 stops precipitated by anonymous hearsay tips” (concurring op of Abdus-Salaam, J. at 1143-1144). This would mean, presumably, that in such cases a court must find that a reasonable person could suspect — though not necessarily believe it probable — that the informant had an adequate basis of knowledge and was a credible or reliable source. The second determination, the so-called “veracity” prong, seems especially hard to make in anonymous tip cases: there are obvious problems in evaluating the veracity of an informant when the police do not know who the informant is.
Judge Abdus-Salaam’s opinion overcomes this and any other problems that the Aguilar-Spinelli test may present with a minute analysis of the evidence in these cases. In Argyris and DiSalvo, Judge Abdus-Salaam would find both prongs of the test to be satisfied, relying, as to both prongs, on the content of the recorded 911 call. In Johnson, she would find that the anonymous call did not satisfy the basis-of-knowledge prong, and that no corroborating evidence supplies the deficiency; she does not discuss the veracity prong in deciding Johnson, but she could easily reach a similar conclusion on that issue for essentially the same reasons. I generally agree with the analysis of the facts in Judge Abdus-Salaam’s opinion, but I do not see what is gained by dividing that analysis into two prongs. Using a totality-of-the-circumstances approach would lead us, more quickly and with less complexity, to the same place.