People v Williams (2019 NY Slip Op 02567)





People v Williams


2019 NY Slip Op 02567


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-00019
2018-02803
 (Ind. No. 923/17)

[*1]The People of the State of New York, appellant,
v
Marlon Williams, respondent.


Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Brian Witthuhn of counsel), for appellant.
Joseph Mure, Jr. (Joshua Annenberg, New York, NY [Esther Noe Engelson], of counsel), for respondent.



DECISION & ORDER
Appeal by the People from (1) an order of the Supreme Court, Nassau County (Angelo A. Delligatti, J.), entered November 13, 2017, and (2) an order of the same court entered January 19, 2018. The order entered November 13, 2017, insofar as appealed from, upon inspection of the grand jury minutes pursuant to a stipulation in lieu of motion, dismissed counts one and two of the indictment, which charged assault in the second degree. The order entered January 19, 2018, insofar as appealed from, upon reargument, adhered to the original determination.
ORDERED that the order entered November 13, 2017, is reversed, counts one and two of the indictment are reinstated, and the order entered January 19, 2018, is vacated; and it is further,
ORDERED that the appeal from the order entered January 19, 2018, is dismissed as academic in light of our determination on the appeal from the order entered November 13, 2017; and it is further,
ORDERED that the matter is remitted to the Supreme Court, Nassau County, for further proceedings.
A grand jury returned an indictment against the defendant charging him, among other things, with two counts of assault in the second degree (see Penal Law § 120.05[3]) arising from injuries allegedly sustained by two police officers when the defendant was apprehended after a car chase. Upon inspection of the grand jury minutes pursuant to a stipulation in lieu of motion, the Supreme Court dismissed the two assault counts on the basis that the prosecutor's instruction did not adequately convey to the grand jury that one of the assault counts related to one officer and the other count related to the other officer. The People moved for leave to reargue. The court granted reargument and adhered to its original determination. The People appeal.
A grand jury proceeding is "defective," warranting dismissal of the indictment, only where the "proceeding . . . fails to conform to the requirements of [CPL article 190] to such degree [*2]that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35[5]). Dismissal of an indictment under CPL 210.35(5) is an "exceptional remedy" that "should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (People v Huston, 88 NY2d 400, 409; see People v Thompson, 81 AD3d 670, 671, affd 22 NY3d 687; People v Burch, 108 AD3d 679, 680).
Here, we disagree with the Supreme Court's dismissal of counts one and two of the indictment based on the prosecutor's instructions to the grand jurors. The instructions were adequate and did not impair the integrity of the grand jury proceeding (see People v Valles, 62 NY2d 36, 38; People v Calbud, Inc., 49 NY2d 389, 394-395; People v Hilaire, 270 AD2d 359).
Accordingly, we reinstate counts one and two of the indictment.
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court