OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant contends that it was error to admit the testimony of Officer McCartney that when defendant was arrested he stated “that he was there, but he didn’t rob the old lady”, inasmuch as no reference had been made to this statement in the prosecutor’s notice under CPL 710.30. That section, unlike an all-embracing demand in a demand *830 for a bill of particulars, requires disclosure only of statements which the People “intend to offer at a trial”. The quoted statement of defendant did not fall into that category, and there was, therefore, no violation of the statutory prescription. It was only after defense counsel on cross-examination of Officer McCartney, a third-party witness for the People, inquired as to whether there ever came a time when defendant “denied his involvement in this” and the witness responded in the affirmative that on redirect the prosecutor, questioning the witness as to the exact words that defendant used, elicited the testimony now challenged. The trial court correctly ruled that defense counsel had opened the door to its admission.*
Nor is there any merit to defendant’s associated argument that he was “ambushed”; that if he had known of the statement in advance he never would have cross-examined Officer McCartney as he did. Either of two responses may be made and at least when taken in combination they dispose of defendant’s argument. First, the 710.30 notice could not properly have been taken by defense counsel as a representation that defendant had made no other statements; it explicitly covered only statements which the People intended to offer on trial. Second, the prosecutor at the opening of the pretrial hearing sought to bring to the attention of the court and defense counsel defendant’s statement which had just been brought to his notice. The court excluded the offer of the prosecutor on objection of defense counsel, but the offer should have put defense counsel on notice that defendant had made another statement which might prove relevant. Defendant’s subsequent difficulty was of his counsel’s own doing.
Finally, defendant claims that he was denied his constitutional right to confront the 90 year old, concededly crotchety complaining witness because of restrictions which the trial court placed on his cross-examination of her. This was the principal basis of the dissent at the *831 Appellate Division. The insuperable obstacle defendant confronts in our court, however, is the circumstance that, although he raised other objections to the complainant’s testimony, at no point does the record disclose any protest based on insufficiency of opportunity for cross-examination. Accordingly, that issue has not been preserved for our review.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsrerg and Meyer concur; Judge Gabrielli taking no part.
Order affirmed in a memorandum.

 Defendant’s reliance on People v Briggs (38 NY2d 319) is misplaced. In that case we condemned the use by the prosecution on its proof of a statement as to which no notice was given (except as permitted by the trial court at the time of its introduction). The trial court’s ruling in the present case was expressly predicated on the ground that in cross-examination of the third-party witness defense counsel had opened the door to admission of the unnoticed statement; there was no counterpart in Briggs.