OPINION OF THE COURT
Guy P. DePhillips, J.
Respondent’s motion brought on by notice of motion dated February 21, 1984, insofar as it seeks an order precluding the presentment agency from introducing at a fact-finding hearing any evidence consisting of tangible property seized from the respondent has been submitted to the court. Respondent’s initial appearance occurred on January 26, 1984. He argues that the failure of the presentment agency to serve upon him within 15 days after that appearance a notice of intent to offer at the fact-finding hearing evidence consisting of tangible property obtained from him mandates exclusion of that evidence at such hearing pursuant to section 330.2 of the Family Court Act and CPL 710.30. Subdivision 2 of section 330.2 of the Family Court Act states in pertinent part: “Whenever the *1080 presentment agency intends to offer at a fact-finding hearing evidence described in section 710.20 or subdivision one of section 710.30 of the criminal procedure law, such agency must serve upon respondent notice of such intention.”
CPL 710.20 declares: “Upon motion of a defendant who (a) is aggrieved by unlawful or improper acquisition of evidence and has reasonable cause to believe that such may be offered against him in a criminal action, or (b) claims that improper identification testimony may be offered against him in a criminal action, a court may * * * order that such evidence be suppressed or excluded upon the ground that it [consists of five primary categories of evidence, to wit (1) tangible property, (2) eavesdropping record or testimony, (3) record or testimony of a statement of the defendant, (4) testimony identifying the defendant, or (5) a chemical test of defendant’s blood or a sixth category of evidence involving indirect evidence constituting ‘the fruit of the poisoned tree’]” (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 710.20, p 266). The statute specifically authorizes suppression or exclusion of such evidence if obtained unlawfully or improperly.
CPL 710.30 (subd 1) provides: “Whenever the people intend to offer at a trial (a) evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20, or (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.”
No notice requirement is imposed by CPL 710.20 with respect to the six categories of evidence embraced therein. However, CPL 710.30 (subd 1) imposes a notice of intent to offer evidence requirement with respect to two of those categories, to wit, a record or testimony of a statement of *1081 the defendant or testimony identifying the defendant. Subdivision 2 of section 330.2 of the Family Court Act purports to incorporate the notice requirement of CPL 710.30 (subd 1) with respect to all six categories of evidence embraced in CPL 710.20. Nevertheless, Professor Merril Sobie who was instrumental in the drafting of article 3 of the Family Court Act observes in the Practice Commentary to Family Court Act (McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 330.2, p 411) that subdivision 2 thereof merely “restates CPL §710.30 concerning notice to a defendant.” The apparent conflict between the statute — subdivision 2 of section 330.2 of the Family Court Act as promulgated and the view of Prof. Sobie that no drastic change is effected thereby may be resolved by reference to the Practice Commentary of Richard G. Denzer pertaining to CPL 710.30 (McKinney’s Cons Laws of NY, Book 11 A, p 282). He aptly notes that:
“[i]n order to accord the defendant opportunity to avail himself of the suppression motion, the People are required — in this section and elsewhere — to notify him of their intention to use evidence of a kind described in the basic section (§710.20), in situations where he may not know of such intention or the existence of such evidence.
“Since the defendant ordinarily knows before trial that property constituting potential evidence against him has been seized from his premises or possession, no requirement of notice with respect to that type of evidence was required under the Criminal Code (§§813-c to 813-e), and none is required here.” (Emphasis supplied.)
The petition herein charges the respondent with four counts of criminal possession of certain enumerated controlled substances and two counts of criminal sale of certain enumerated controlled substances. Consequently, the respondent is deemed to ordinarily know before the fact-finding hearing that this tangible property constituting potential evidence against him has been seized from his possession and the presentment agency thereby intends to use same against him at fact finding. There is simply no probability of defense unawareness concerning this evidence. Accordingly, the court reconciles the statute — subdivision 2 of section 330.2 of the Family Court Act as *1082 written with the realities underlying CPL 710.20 and 710.30 (subd 1) by holding that a petition specifying in its count(s) certain enumerated tangible property, itself, constitutes notice by the presentment agency of intent to offer such tangible evidence at a fact-finding hearing. By so holding, the court does no violence to and in fact advances the due process right of respondent within the parameters of section 330.2 of the Family Court Act.
The presentment agency in answering the instant motion argues that no notice of intent to offer tangible property at fact finding is required herein because the tangible property to be offered was seized incident to a lawful arrest of the respondent. This argument is predicated on the mistaken assumption that the statute, section 330.2, requires notice be given with respect to evidence obtained unlawfully or improperly. Such absurd “Kafkaesque” reasoning results from a misreading of CPL 710.20 and 710.30 (subd 1). The evidence set forth in these sections of the CPL is delineated in two respects, to wit (1) the nature of such evidence and (2) the description of the manner in which the evidence was acquired. Both sections are entitled “motion to suppress evidence.” It is not the nature of the evidence, but the manner in which it was obtained that results in suppressibility. This perception highlights the faulty reasoning of the presentment agency in contending that notice of intent to offer evidence at fact finding is required only with respect to evidence unlawfully or improperly obtained. Such evidence is ipso facto improper and the mere registering of objection by the respondent upon receipt of the notice of intent would result in suppression. Simply stated, it is the nature, the category of the evidence as specified in these sections of the CPL, which subjects them to such notice. Upon receipt of the notice when required, the respondent is accorded the opportunity to move to suppress the evidence set forth in the notice. This may or may not result in suppression with or without a hearing. In any event suppression follows not from the nature of the evidence, but from the manner in which it was required.
Accordingly, as the specificity of the petition respecting tangible property is deemed to constitute notice to respondent by the presentment agency of intent to offer such *1083 evidence at fact finding, the respondent’s motion to exclude such evidence for failure to give notice is denied.
In light of the seeming conflict between subdivision 2 of section 330.2 of the Family Court Act and CPL 710.20 and 710.30 (subd 1) respecting the necessity of giving formal notice of intent to offer evidence, the court finds that good cause exists under subdivision 2 of section 2 of the Family Court Act to accord the respondent a reasonable opportunity to make a suppression motion with respect to the tangible property delineated in the respective counts of the petition.