OPINION OF THE COURT
Claire T. Pearce, J.
Upon the instant motion to reargue by the presentment agency, Assistant Corporation Counsel (hereinafter ACC), the court, after review of the submissions of the parties, finds that no misapprehension of fact or law has been established and continues the order precluding the admission of tangible property in this juvenile delinquency proceeding for reasons more fully stated below.
On January 9, 1985, respondent obtained an order of this court precluding the admission of physical evidence at a trial wherein the respondent is charged with acts which would constitute a violation of Penal Law §§ 155.25, 165.45, 140.10 and 265.01, due to the failure of the ACC to duly serve a notice of intent to offer tangible property pursuant to Family Court Act § 330.2 (2).
The ACC originally contended that Family Court Act § 330.2 (2) requires notice of intent only as to evidence of statements and identification in that it is wholly analogous to CPL 710.30, and that (contrary to its plain language) it does not require notice as to those items specified under CPL 710.20. The ACC *613 apparently relied upon a reference in the Practice Commentary (Sobie, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 330.2, p 411) which states that “[subdivision two [Family Ct Act § 330.2 (2)] restates CPL § 710.30 concerning notice to a defendant.” Additionally the ACC pointed to his response to a demand for discovery and bill of particulars where respondent was informed that a bicycle was recovered and returned to the complainant and that a “6 inch knife in a tube” was found on the respondent’s person at the time of arrest. Nowhere does the ACC inform the respondent of his intention to introduce either the bicycle or the knife, however, he further contends that, if notice is indeed required, the respondent received it by way of his reply to the respondent’s demand for discovery.
The ACC’s arguments in support of this motion are essentially repetitive of those originally submitted, except that two nisi prius decisions are now appended: Matter of Eric E. (123 Misc 2d 1079) and Matter of Eric E. (an unpublished decision in Kings County, Fam Ct, which is undated but was apparently entered shortly after the decision of Matter of Eric E., supra, which is cited and relied upon).
The court finds that Family Court Act article 3 is the governing statute as to procedure in all juvenile delinquency matters and that the CPL does not apply (Family Ct Act §§ 301.1, 302.1, 303.1); that generally in interpreting statutory provisions the court must avoid judicial legislation (McKinney’s Cons Laws of NY, Book 1, Statutes § 73), and must ascertain the intent of the Legislature from the words and language used in accordance with their natural and obvious meaning (McKinney’s Cons Laws of NY, Book 1, Statutes § 94).
There is no articulated contention by the ACC or his proffered authority that the language of Family Court Act § 330.2 (2) is unclear, ambiguous or doubtful insofar as it mandates that: “[w]henever the presentment agency intends to offer at a fact-finding hearing evidence described in section 710.20 or subdivision one of section 710.30 of the criminal procedure law, such agency must serve upon respondent notice of such intention.”
The Practice Commentary on Family Court Act § 330.2 (2) (Sobie, McKinney’s Cons Laws of NY, Book 29A, p 411) relied on by the ACC appears to misconstrue the language of that section as a restatement of CPL 710.30. By its terms Family Court Act § 330.2 (2) is broader in scope than CPL 710.30. This is implicitly recognized in the finding of the Honorable Guy P. DePhillips in Matter of Eric E. (supra, p 1082), that Family Court Act § 330.2 (2) is in conflict with and must be reconciled to “the *614 realities underlying CPL 710.20 and 710.30”. Consequently, Judge DePhillips held that “a petition specifying in its count(s) certain enumerated tangible property, itself, constitutes notice by the presentment agency of [its] intent to offer such tangible evidence at a fact-finding hearing” (p 1082). We must respectfully disagree with this finding and determination.
The prior Practice Commentary on CPL 710.30 (Denzer, McKinney’s Cons Laws of NY, Book 11 A, p 282) cited by Judge DePhillips, emphasized notification to defendants who were unaware of the existence of only certain kinds of evidence as the basis for the notice requirements of CPL 710.30
However, the more recent Practice Commentary (Bellacosa, McKinney’s Cons Laws of NY, Book 11 A, CPL 710.30, p 114) points out the illogic of such a rationale as the primary determinant for the requirement. “Notice is not required for most of the instances enumerated in CPL 710.20; rather it is only for those two categories where a defendant might not know or perhaps could not anticipate the people’s intentions. Even those confession/admission and identification instances, however, are likely to be known to the defendant so one must wonder about why this section is so discriminately drawn. To provide ease of application and to avoid hypertechnicality it would probably be preferable to have a blanket notice of intention to use requirement for all categories which would trigger the CPL 710 suppression motion.”
Moreover, the Court of Appeals has in fact advanced an additional basis for the notice requirements on the ground that an attorney, even where the defendant has some knowledge, may be unaware as to the existence of evidence. (People v Briggs, 38 NY2d 319.) Therefore, there is ample basis to conclude that the unambiguous words of the Legislature express their considered intention to broaden the notice requirements in a juvenile delinquency proceeding. If in fact they did not so intend, it is necessary for them to change the language of the statute; the court may not do so.
Finally, the notice that is required is of the intent to introduce evidence not of its simple existence. Therefore, the mere mention of the evidence in a petition or a response to a demand for discovery or bill of particulars is insufficient and does not constitute the notice contemplated under CPL 710.30 and consequently under Family Court Act § 330.2 (2) (People v Goodson, 57 NY2d 828; People v Briggs, supra).
The matter remains on the calendar for trial on February 27, 1985, Part V.