■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DEGRIJZE, Appellant. [599 NYS2d 634] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered April 15, 1991, convicting him of murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

In November of 1989, the defendant walked into a police station in Queens and spontaneously stated that he wished to confess to a homicide he had committed eight or nine years earlier. After he was taken to Detective Charles Lappe, the defendant was given *Miranda* warnings *(see, Miranda v Arizona,* 384 US 436), and gave detailed oral and written confessions concerning a woman he had stabbed to death in the hallway of her apartment building in 1980. During the oral confession, Detective Bianco, who had heard of the defendant's initial, pre-*Miranda* confession, entered the room with the homicide file relating to the murder to which the defendant was confessing. According to the testimony of Detective Lappe, Detective Bianco produced the file within minutes of the defendant having entered Lappe's office. During the cross examination of Detective Lappe, defense counsel questioned how this old case file could have been produced so quickly, suggesting that this particular file had been chosen at random. Detective Lappe testified that he did not know how the file was retrieved so quickly. Upon the direct examination of Detective Anthony Spataro, the People, attempting to rebut the defense suggestion, elicited testimony that the file had been retrieved based on the defendant's initial, pre-*Miranda* statement. Defense counsel moved for a mistrial, arguing that he had not received prior notice of the defendant's initial pre-*Miranda* statement. While denying the mistrial motion, the court ordered the testimony stricken.

Contrary to the defendant's assertions on appeal, the initial

statement he made to the police before he was given his *Miranda* warnings and made his oral and written confessions to the murder were not subject to notice under CPL 710.30 because the People did not "intend to offer" them at trial *(see, People v O'Doherty,* 70 NY2d 479; *People v Goodson,* 57 NY2d 828).* The challenged initial statement was only offered to rebut defense counsel's suggestion that the police had arbitrarily retrieved the file in question. In any event, the challenged statement was stricken from the record, and any error in regard to the statement was harmless *(see, People v Amparo,* 73 NY2d 728; *People v Phillips,* 183 AD2d 856). In addition, assuming that failure to give the defendant notice of his pre-*Miranda* statement was a violation of CPL 240.20, in the absence, as here, of intentional misconduct by the prosecutor, a mistrial (the only remedy sought) was not warranted *(see, People v Brock,* 143 AD2d 678; *People v Herrera,* 136 AD2d 567; *People v Jiminez,* 79 AD2d 442). Further, we reject the defendant's assertion that not receiving formal notice of the pre-*Miranda* statement prevented him from exploring its voluntariness and, therefore, from challenging the properly noticed confessions as being the product of taint. It is clear from the *Huntley* hearing *(see, People v Huntley,* 15 NY2d 72) that the defendant made statements to other police officers before giving the post-*Miranda* confessions and the defendant cannot argue on appeal that he was prejudiced at trial by his decision at that hearing not to pursue this line of inquiry in detail *(cf., People v Goodson,* 57 NY2d 828, *supra).*

Finally, by failing to object to alleged misconduct during the prosecutor's summation, the defendant failed to preserve this issue for appellate review *(see,* CPL 470.05; *People v Stewart,* 160 AD2d 966). In any event, although the several comments made by the prosecutor were offensive and unnecessary, they did not deprive the defendant of a fair trial *(see, People v Galloway,* 54 NY2d 396; *People v Ashwal,* 39 NY2d 105). Thompson, J. P., Miller, Eiber and Santucci, JJ., concur.