■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL VALENTIN, Appellant. [671 NYS2d 977] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered November 27, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The claim that the court erred by requesting that defendant's family leave the courtroom during the first round of voir dire because there was insufficient seating available to accommodate them along with the jurors is unpreserved since defendant failed to raise it in a timely manner (*People v Hughes*, 240 AD2d 156; *People v Brown*, 188 AD2d 540, *lv denied* 81 NY2d 882). In any event, were we to review it, we would find defendant's claim to be without merit. The trial court's decision to temporarily limit access to the courtroom under the circumstances was a proper act of the court's "discretion * * * to monitor admittance to the courtroom * * * in order to prevent overcrowding, to accommodate limited seating capacity * * * and generally to preserve order and decorum in the courtroom" (*People v Colon*, 71 NY2d 410, 416, *cert denied* 487 US 1239; *see also*, *People v Hughes*, *supra*). We have considered defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Williams, Mazzarelli and Andrias, JJ.

■ ANN M. PAOLUCCI, Respondent, v VERONICA SHUSTA et al., Appellants. [671 NYS2d 975] —Judgment, Supreme Court, Bronx County (Kenneth Thompson, Jr., J., and a jury), entered May 7, 1997, awarding plaintiff the principal amounts of $100,000 for past pain and suffering, $400,000 for future pain and suffering and $14,651.09 for lost earnings, upon plaintiff's stipulation in lieu of a new trial to reduce the jury awards for these items from $150,000, $1,050,000 and $27,300, respectively, unanimously affirmed, without costs.

The jury's determination that plaintiff, as a result of the accident, suffered a permanent loss of use of a body organ, member, function or system, is supported by a fair interpretation of the evidence (*Nicastro v Park*, 113 AD2d 129, 136-137). We find that the record supports the damage award to plaintiff, as reduced by the trial court. We have considered defendants' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Williams, Mazzarelli and Andrias, JJ.