■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BULLARD, Appellant. [711 NYS2d 382] —Judgment, Supreme Court, Bronx County (William Donnino, J.), rendered November 20, 1996, convicting defendant, after a jury trial, of attempted aggravated assault upon a police officer and criminal possession of a weapon in the second and third degrees, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The credible evidence warranted reasonable inferences that defendant fired a pistol at the officer, and did so with intent to cause serious physical injury.

The court properly made an anticipatory ruling that, should the defense recall certain officers to challenge where the pistol had been recovered, the People would be permitted to introduce on rebuttal, despite the lack of CPL 710.30 notice, a statement

by defendant to the effect that the pistol had been found in the car in which defendant was seated. The court properly ruled that the unnoticed statement would be admissible under the theory of opening the door (*see, People v Goodson*, 57 NY2d 828; *People v Acosta*, 180 AD2d 505, 509, *lv denied* 80 NY2d 827; *People v Purdie*, 165 AD2d 720, *lv denied* 76 NY2d 990). Defendant's statement would have constituted proper rebuttal evidence (*see, People v Harris*, 57 NY2d 335, 345, *cert denied* 460 US 1047), because it contradicted an affirmative fact that the prospective door-opening evidence would have tended to establish.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Williams, J. P., Tom, Ellerin, Andrias and Saxe, JJ.