■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT REED, Appellant. [771 NYS2d 340]—

Judgment, Supreme Court, New York County (Laura Visitacion-Lewis, J.), rendered February 13, 2002, convicting defendant, after a jury trial, of attempted criminal sale of a controlled substance in the third degree and petit larceny, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years and 1 year, respectively, unanimously affirmed.

The jury's verdict rejecting defendant's agency defense was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning credibility. Moreover, defendant's own testimony, even if credited, undermined his agency defense. Defendant testified that he helped the undercover officer only because he expected a significant benefit in return and that he insisted upon receiving such a benefit (*see People v Lam Lek Chong*, 45 NY2d 64, 74-75 [1978], *cert denied* 439 US 935 [1978]; *People v Elvy*, 277 AD2d 80 [2000], *lv denied* 96 NY2d 783 [2001]).

The courtroom was properly closed to the general public during the undercover officer's testimony. The People made a sufficiently particularized showing to warrant closure in that the undercover officer continued to work in the area of defendant's arrest, had unapprehended suspects remaining at large from the area of defendant's arrest and took precautions when testifying (*see People v Ramos*, 90 NY2d 490, 498-499 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]). The fact that the amount of time that the officer normally spent on undercover work had been temporarily reduced when he was assigned additional duties relating to the September 11, 2001 terrorist attacks does not warrant a different conclusion.

Since defendant's arguments at trial were completely different from those he now raises on appeal, defendant's challenges to the court's admission, on rebuttal, of a statement made by defendant to a detective are unpreserved and we decline to

review them in the interest of justice. Were we to review these claims, we would find that the rebuttal testimony was properly admitted, notwithstanding the People's withdrawal of their notice of intent to introduce defendant's statement (CPL 710.30 [1] [a]), since it was a direct response to material facts placed in issue by defendant's own testimony (*see People v Goodson*, 57 NY2d 828 [1982]; *People v Harris*, 57 NY2d 335, 343-346 [1982], *cert denied* 460 US 1047 [1983]). Concur—Buckley, P.J., Andrias, Lerner and Friedman, JJ.