Richard DEGRIJZE, Petitioner–
Appellant,

v.

Christopher ARTUZ, Superintendent,
Respondent–Appellee.

No. 03–2216.

United States Court of Appeals,
Second Circuit.

April 25, 2005.

Julia Pamela Heit, New York, NY, for
Appellant.

Anastasia Spanakos–Orfan, Assistant
District Attorney (John M. Castellano, Assistant District Attorney, of counsel, Richard A. Brown, District Attorney, Queens County, on the brief), Kew Gardens, NY, for Appellees.

PRESENT: WINTER, MCLAUGHLIN
and CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner-appellant Richard Degrijze appeals the order of the District Court, entered April 1, 2003, denying his petition for writ of *habeas corpus*. We have considered all of Degrijze's ineffective-assistance-of-counsel claims, and we find each to be without merit, at the very least for failing to satisfy the second *Strickland* prong. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... [must] show [*inter alia*] that the deficient performance prejudiced the defense. This requires showing that counsel's errors

were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.").

With respect to Degrijze's claim that the prosecutor's remarks deprived him a fair trial, we note that the Appellate Division addressed this claim, and dismissed it on the basis of a procedural bar. *See People v. Degrijze,* 194 A.D.2d 801, 802, 599 N.Y.S.2d 634 (N.Y.App. Div.2d Dep't 1993) ("[B]y failing to object to alleged misconduct during the prosecutor's summation, the defendant failed to preserve this issue for appellate review."). This was the last state court that addressed Degrijze's claim with respect to the prosecutor's comments, and we interpret it as a clear and express invocation of a procedural bar. Accordingly, we decline to review this claim. *See Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) ("[P]rocedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar.").[1]

For the reasons stated above, we **AFFIRM** the order of the District Court.

---

1. We recognize that we may review Degrijze's claim despite the clear and express reliance of the Appellate Division in rejecting it if our nonreview of the claim would result in "a fundamental miscarriage of justice." *Rodriguez v. Mitchell,* 252 F.3d 191, 205 (2d Cir. 2001). We have reviewed the record before us, and no such miscarriage is apparent.