■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GIBBONS, Appellant. [795 NYS2d 700]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), convicting him of rape in the third degree, incest, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During a portion of voir dire, the court, which found that there was insufficient seating available in the courtroom, temporarily excluded the general public and the defendant's mother from the courtroom. Under these circumstances, the court did not deprive the defendant of his right to a public trial (*see People v Colon*, 71 NY2d 410 [1988], *cert denied* 487 US 1239 [1988]; *People v Mojica*, 279 AD2d 591 [2001]; *People v Valentin*, 250 AD2d 497 [1998]).

During the trial, the court allowed the People to introduce into evidence an audiotape of a particular telephone conversation between the defendant and the complainant. Contrary to the defendant's contention, the People laid a proper foundation for the admission of the tape into evidence (*see People v Ely*, 68 NY2d 520, 527 [1986]). The fact that there was a minor gap in the tape goes to the weight of the evidence, not its admissibility (*see People v Jackson*, 200 AD2d 856, 858 [1994]; *People v Apergis*, 200 AD2d 388, 389 [1994]; *People v Torres*, 136 AD2d 664, 666 [1988]).

After the trial, the court properly denied, after a hearing, the defendant's motion to set aside the verdict on the ground of juror misconduct (*see* CPL 330.30 [2]). The defendant failed to establish, by a preponderance of the evidence (*see* CPL 330.40 [2] [g]), that one of the jurors communicated an expert opinion

to the other jurors about a material issue in the case, as though it were evidence (*see People v Santi,* 3 NY3d 234, 249, 250 [2004]; *cf. People v Maragh,* 94 NY2d 569, 574 [2000]). S. Miller, J.P., Goldstein, Crane and Lifson, JJ., concur.