■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE VARELA, Appellant. [804 NYS2d 16]—

Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered September 10, 2002, convicting defendant, after a jury trial, of burglary in the first degree, and sentencing him, as a second felony offender, to a term of eight years, unanimously affirmed.

Under the circumstances presented, defendant did not preserve his argument that the court violated his right to a public trial by excluding his family members from the courtroom during a portion of jury selection. Although there were colloquies concerning whether the family members were potential witnesses and whether they could be in the courtroom during testimony, the court made a separate determination, upon the arrival of a panel of prospective jurors, that the "family will have to step out at this juncture because of the seating situation." The court's announcement manifestly referred to the necessity of using all the seats in the courtroom for the panelists. Defendant voiced no objection, and his family members were

admitted to the courtroom later in jury selection and were present for the remainder of the trial. Accordingly, we find defendant's public trial claim to be unpreserved, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court properly exercised its discretion in temporarily excluding defendant's family during jury selection due to limited seating capacity (*see People v Colon,* 71 NY2d 410, 416 [1988], *cert denied* 487 US 1239 [1988]; *People v Gibbons,* 18 AD3d 773 [2005]; *People v Valentin,* 250 AD2d 497 [1998], *lv denied* 92 NY2d 883 [1998]). Defendant's remaining arguments on the public trial issue are unpreserved and unavailing.

The court properly permitted the People to introduce defendant's statement on rebuttal notwithstanding the People's prior withdrawal of their notice of intent to introduce the statement (CPL 710.30 [1] [a]), since it was a direct response to defendant's testimony, in which he sought to establish a completely different reason for being at the scene of his arrest (*see People v Goodson,* 57 NY2d 828 [1982]; *People v Harris,* 57 NY2d 335, 343-346 [1982], *cert denied* 460 US 1047 [1983]; *People v Reed,* 4 AD3d 120, 122 [2004], *lv denied* 2 NY3d 805 [2004]). The People never agreed to suppression of the statement for all purposes. Furthermore, when the People introduced the statement defendant did not claim that it was inadmissible, even for rebuttal purposes, on the ground of involuntariness (*see Mincey v Arizona,* 437 US 385 [1978]), and he did not request a hearing on that issue. Concur—Buckley, P.J., Mazzarelli, Andrias, Friedman and Sweeny, JJ.