**Ronnie VARELA, Petitioner,**

v.

**MARSHALL, Respondent.**

No. 06 Civ. 6051(VM).

United States District Court, S.D. New York.

Oct. 2, 2007.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se petitioner Ronnie Varela ("Varela") filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in state custody in violation of his federal constitutional rights. On September 10, 2002, Varela was convicted in New York State Supreme Court, New York County, of burglary in the first degree. Varela was sentenced, as a second felony offender, to a term of eight years imprisonment.

In his petition, Varela claims that he was: (1) denied the right to a public trial when the trial court excluded his family from the courtroom during a segment of jury selection; and (2) denied due process an a fair trial when the prosecutor stipulated to a suppression of a statement made by Varela at the time of apprehension and later used that statement for impeachment and during summation. For the reasons set forth below, Varela's petition is DENIED.

## I. *BACKGROUND*[1]

On September 10, 2002, following a jury trial, Varela was convicted in New York State Supreme Court, New York County (the "trial court"), of Burglary in the first degree in violation of New York State Penal Law § 140.30(4). Varela was sentenced, as a second felony offender, to a term of eight years imprisonment.

1. The summary below derives from Varela's and Respondent's submissions to this Court, as well as from their earlier submissions to the state court, specifically: Brief for Defendant–Appellant, dated January 2005 ("Def.Br."); Varela's Petition for Writ of Habeas Corpus, dated July 26, 2006, and filed

In January 2005, Varela appealed his conviction to the New York State Supreme Court, Appellate Division, First Department ("Appellate Division"). On appeal, Varela argued that he was (1) denied the right to a public trial when the trial court excluded his family from the courtroom during a segment of jury selection; and (2) denied due process and a fair trial when the State prosecutor (the "State") stipulated to a suppression of a statement made by Varela at the time of apprehension and later used that statement for impeachment and during summation. In a decision dated October 11, 2005, the Appellate Division unanimously affirmed Varela's conviction. *See People v. Varela*, 22 A.D.3d 264, 804 N.Y.S.2d 16, 18 (2005). The Appellate Division found that Varela's argument regarding the exclusion of his family members from the courtroom was not preserved and declined to review this claim in the interest of justice. Further, the Appellate Division noted that were it to review the claim, it would find that the trial court had properly exercised its discretion in temporarily excluding Varela's family due to limited seating capacity. The Appellate Division also found that the trial court had properly allowed the State to use Varela's statement on rebuttal, notwithstanding the State's prior withdrawal of its notice of intent to introduce said statement, as (1) the statement was used in direct response to Varela's testimony concerning his reason for being present at the scene of his arrest, (2) the State never agreed to suppression of the statement for all purposes, and (3) Varela did not claim the evidence was inadmissible on the

August 2, 2005 ("Habeas Pet."); Respondent's Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus, dated January 17, 2007 ("Resp.Mem."). Except where specifically quoted, no further reference to these documents will be made.

ground of involuntariness at the time of its introduction.

On November 7, 2005, Varela sought leave to appeal to the New York Court of Appeals. His request was denied on January 20, 2006. *See People v. Varela,* 6 N.Y.3d 781, 811 N.Y.S.2d 349, 844 N.E.2d 804, 804 (2006). Varela timely filed this petition for a writ of habeas corpus on August 9, 2006.[2]

## II. DISCUSSION

### A. LEGAL STANDARD

 As a starting point, the Court notes that Varela is a *pro se* litigant. As such, his submissions must be held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (citation omitted). The Court must read Daniel's submissions "liberally and interpret them to 'raise the strongest arguments that they suggest.' " *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (citation omitted).

 A petitioner in custody pursuant to a judgment of a state trial court is entitled to habeas relief only if he can show that his detention violates the United States Constitution or federal law or treaties of the United States. *See* 28 U.S.C. § 2254(a). Before seeking federal relief, however, a petitioner generally must have exhausted all available state court remedies. *See id.* § 2254(b),(c).[3] To do so, the petitioner must have fairly presented his federal claims to the highest available state court, setting forth all of the factual and legal allegations he asserts in his federal petition. *See Daye v. Att'y Gen.,* 696 F.2d 186, 191–92 (2d Cir.1982) (citations omitted).

 Where a state court has decided a petitioner's federal claims on the merits, this Court may grant habeas relief only if the state court's decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C § 2254(d). A state court decision is "contrary to" clearly established federal law if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court precedent]" or "confronts a set of facts that are materially indistinguishable from a [Supreme Court decision] and nevertheless arrives at a [different] result." *Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To be considered "contrary" within the meaning of 28 U.S.C. § 2254, a state court decision must be "substantially different" from relevant Supreme Court precedent. *Id.* As long as a state court decision applies the correct legal rule to petitioner's facts, it is not subject to habeas review under this standard, even if the federal court would have reached a differ-

---

**2.** Under 28 U.S.C. § 2244(d)(1), a one-year limitation period applies for state prisoners seeking federal habeas corpus review. Varela was denied leave to appeal to the New York Court of Appeals on January 20, 2006. His time to seek a writ of certiorari to the Supreme Court expired ninety days later, on April 12, 2006, at which date his convictions became final. Varela's petition was filed on August 9, 2006, less than one year later. Re-

spondent does not dispute the timeliness of Varela's petition. (*See* Resp. Mem. at 6.)

**3.** Following the passage of the AntiTerrorism and Effective Death Penalty Act of 1996, a federal habeas court may also deny an application on the merits even if the petitioner has not exhausted all available state remedies. See 28 U.S.C. § 2254(b)(2).

ent conclusion were it to apply the rule itself. *See id.* at 406, 120 S.Ct. 1495.

■ A state court decision is "based on an unreasonable determination of the facts" if the court has correctly identified the correct legal rule set forth in governing Supreme Court cases, but unreasonably applies the rule to the peculiar facts of the case. *Id.* at 407, 120 S.Ct. 1495. A federal court may grant habeas relief only where the state court decision was objectively unreasonable in light of relevant precedent; a decision which is reasonable, even though it may be incorrect, is not grounds for habeas relief. *See id.* at 411, 120 S.Ct. 1495.

## B. *VARELA'S CLAIMS*

### 1. *Right to a Public Trial*

■ Varela asserts that his Sixth Amendment right to a public trial was denied by the trial court's decision to exclude his parents and fiancee from a portion of jury selection due to a shortage of available seating in the courtroom. After the panel of prospective jurors had arrived for jury selection, the trial judge noted on the record that "the family will have to step out at 'his juncture because of the seating situation.'" (Resp.Mem.8.) Varela did not object and jury selection began as scheduled. (*See id.*) The following day, Varela's parents and fiancee were admitted into the courtroom for the remainder of jury selection and the trial. (*See id.*) The Appellate Division declined to review Varela's claim regarding this temporary exclusion on direct appeal, as he had not preserved it for appellate review. *See Varela,* 804 N.Y.S.2d at 17. As the Appel-

late Division's decision was based on a state procedural rule, this Court is barred from reviewing it in this habeas proceeding.[4]

■ The "independent and adequate state ground doctrine" precludes a federal habeas court from considering a claim that was not reviewed by the state court because the petitioner failed to meet a state procedural requirement. *See Coleman v. Thompson,* 501 U.S. 722, 729–730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). "Both the Supreme Court and the Second Circuit have held that the failure to object at trial when required by New York's contemporaneous objection rule, C.P.L. § 470.05, is an adequate and independent state ground." *Yapor v. Mazzuca,* No. 04 Civ. 7966, 2005 WL 894918, at *23 (S.D.N.Y. April 19, 2005). New York State Criminal Procedure Law § 470 provides, in relevant part: "For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." N.Y.Crim. Proc. Law. ("C.P.L.") § 470.05(2) (1995). Varela failed to object to the trial judge's exclusion of his family from the courtroom during the beginning of jury selection, *see* Resp. Mem. at 8, and his related claim is thus unpreserved under C.P.L. § 470.05.

Because Varela's failure to preserve this claim thus constitutes an independent and adequate state ground, this Court is barred from reviewing the issue unless

---

4. The independent and adequate state ground doctrine forecloses habeas review even where, as here, the state court has also ruled in the alternative on a petitioner's claim. It is irrelevant, for the purposes of this Court's ability to review Varela's claim, that the Ap-

pellate Division also held, in the alternative, that the argument had no merit. *See Glenn v. Bartlett,* 98 F.3d 721, 724–25 (2d Cir.1996), *cert. denied,* 520 U.S. 1108, 117 S.Ct. 1116, 137 L.Ed.2d 317 (1997).

Varela can either show cause for his not having preserved the claim in state court and resulting prejudice from his failure to do so, or demonstrate that failure to consider the claim would result in a "fundamental miscarriage of justice." *Coleman,* 501 U.S. at 748, 111 S.Ct. 2546, (*citing Engle v. Isaac,* 456 U.S. 107, 127–30, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)). The latter requires a petitioner to show through "new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," that "it is more likely than not that no reasonable juror would ... [convict] in ... light of the new evidence." *Schlup v. Delo,* 513 U.S. 298, 324–27, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Varela does not allege sufficient cause or prejudice, nor has he attempted to demonstrate his innocence through any new evidence. For the foregoing reasons, Varela is not entitled to habeas relief on this claim.

### 2. *Introduction of Varela's Statement*

██ Varela also asserts that the introduction during trial of a statement made to the police upon his apprehension violated his right to a fair trial and due process. Upon surrendering to the police in the flower shop that Varela was later convicted of burglarizing, he stated, "We're just doing work here. We got [sic] work order." (Resp. Mem. 17, citing a voluntary disclosure form.) This statement, made to the police at the scene of the crime, was subsequently disproved. Varela later contested the use of the statement by the prosecution, claiming that it was obtained when he had not understood his right to maintain silence or his ability to waive that right. In addition, he claimed that, as the statement was recorded before he received a *Miranda* warning, it was unlawfully obtained.

Varela moved for suppression of this evidence and the prosecutor objected. The court ordered a *Huntley* hearing to decide the matter.[5] *See People v. Huntley,* 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179, 182–83 (1965). However, before the hearing commenced, the prosecutor withdrew any objection to Varela's motion to suppress, thus eliminating any need for the hearing. The prosecutor asked the court to preclude Varela from referring to the objectionable statement in his own testimony or defense. At the defense counsel's behest, the judge did not rule on this request. As a result, no record of a stipulation existing between the defense and the prosecution with respect to the use of Varela's statement was made. It is therefore impossible to ascertain what the exact agreement was, if any, between the prosecution and defense as to the use of Varela's statement in trial. If a *Huntley* hearing had taken place, or if the judge had ruled on the prosecution's request that Varela be restricted from referring to the statement in question, much of what is contested here would be moot.

At trial, the prosecutor did not introduce evidence of Varela's statement during the State's case-in-chief. However, the matter was raised in the prosecution's cross-examination of Varela, during which he expressly denied ever telling the police that he had a work order to explain his presence in the flower shop. As a result of this denial, the prosecution asked to recall a witness to provide contradicting evidence. However, before the request could be considered, the defense counsel moved for a mistrial based on the improper use of

---

**5.** A *Huntley* hearing is a state court pretrial hearing at which the voluntary nature of a statement made to the police by the defendant is considered. See *Huntley,* 204 N.E.2d at 182–83.

Varela's statement. The judge denied the motion and granted the prosecutor's application to recall a witness to contradict Varela's statement.

 At the outset, the Court notes that state evidentiary rulings are generally a matter of state law and not subject to habeas review. See *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). An erroneous evidentiary ruling may qualify for habeas relief only if the error violated petitioner's due process rights to such an extent as to deprive him of a fundamentally fair—trial. To prevail on this claim, Varela must prove (1) that the introduction of the contested statement violated a state evidentiary rule (2) that such error violated an identifiable constitutional right, and (3) that he was deprived of a "fundamentally fair" trial, because the error served as the basis for conviction or removed a reasonable doubt that would have otherwise existed on the record. *Kanani v. Phillips*, No. 03 Civ. 2534, 2004 WL 2296128, at *15 (S.D.N.Y. Oct. 13, 2004) (*adopted by Kanani v. Phillips*, No. 03 Civ. 2534, 2005 WL 2431416 (S.D.N.Y. Oct. 3, 2005)).

Although there is no evidence of a formal agreement, either written or oral, to suppress the contested statement, the fact remains that the prosecutor did not use the statement during the State's case-in-chief, but produced it instead for impeachment. Under New York law, the prosecution may refer to a defendant's statement on rebuttal regardless of whether the prosecution previously withdrew notice of intent to introduce the statement. See C.P.L. § 710.30 (1995). In *People v. Goodson*, 57 N.Y.2d 828, 455 N.Y.S.2d 757, 442 N.E.2d 54, 55 (1982), the court did not find a violation of New York law when a prosecutor referred to statements made by the defendant before arrest and without giving notice to the defense counsel, partly be-

cause the introduction of the statements was the result of a cross-examination of a third party. Contested statements may also be introduced at trial as a "direct response to material facts placed in issue by defendant's own testimony." *People v. Reed*, 4 A.D.3d 120, 771 N.Y.S.2d 340, 341 (2004); *see also People v. Bullard*, 273 A.D.2d 178, 711 N.Y.S.2d 382, 383 (2000); *People v. Acosta*, 180 A.D.2d 505, 580 N.Y.S.2d 927, 928–30 (1992); *People v. Purdie*, 165 A.D.2d 720, 564 N.Y.S.2d 257, 257 (1990). Thus, the introduction of the statement made by Varela to the police did not violate state evidentiary law.

 There is also no constitutional bar to the introduction of Varela's statement to the police. Statements made by a criminal defendant before arrest may be used at trial to impeach that defendant, even if such statements are inadmissible in the prosecution's case-in-chief. *See Oregon v. Hass*, 420 U.S. 714, 722–23, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); *see also Harris v. New York*, 401 U.S. 222, 224–24, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). In *Mincey v. Arizona*, 437 U.S. 385, 397–398, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978), the Supreme Court counseled against the introduction of statements that are involuntary. Varela, however, never objected to the use of his statement on the ground of involuntariness. Although there was no *Huntley* hearing, and thus an examination into the voluntary nature of his statement was never made, everything in the record supports the conclusion that Varela's statement was indeed voluntary. Therefore, the Court finds that Varela's statement "provid[ed] valuable aid to the jury in assessing the defendant's credibility," rendering it admissible for the purposes of impeachment. *Hass*, 420 U.S. at 722–23, 95 S.Ct. 1215.

Finally, as the admission of Varela's statement on cross-examination did not constitute a violation of state evidentiary

law or constitutional law, the Court must conclude that the admission did not deprive Varela of a fair trial. There is nothing in the record to indicate that the jury would have reached to a different conclusion if Varela's statement had not been introduced. Accordingly, Varela's motion is denied on this ground as well.

### III. *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that the petition of petitioner Ronnie Varela for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

As Varela has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**