OPINION OF THE COURT
Mario F. Mattei, J.
The issue before the court is whether the People may use the defendant’s allocution from a guilty plea in a previous case to show the defendant’s knowledge of an element of a charge at trial in the instant case without first providing the defendant with a notice pursuant to CPL 710.30 (1) (a).
On March 8, 2011, the defendant was arrested and charged with aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2]) under docket 2011RI002208.
On March 9, 2011, the defendant pleaded guilty to Vehicle and Traffic Law § 511 (2) (a) (iv) and received a sentence that included seven days’ jail and a $500 fine.
At the time of his plea the defendant was represented by counsel. During his allocution the defendant admitted that on March 8, 2011, he was operating a motor vehicle while he knew that his privilege to operate a motor vehicle was suspended for having at least three suspensions on three or more dates. The defendant indicated that he understood that he was giving up his right to a trial and to any and all possible defenses he may have had. The defendant said he was not under the influence of any drugs or alcohol and that he was physically and mentally able to proceed at the time. He indicated that he had had enough time to speak to his attorney and that he was satisfied with his representation. Significantly, the defendant indicated that he was pleading guilty of his own free will and that he was giving up his right to remain silent under the Fifth Amendment.
On December 9, 2011 and February 18, 2012, the defendant was again arrested and charged with Vehicle and Traffic Law § 511 (2) under dockets 2011RI011027 and 2012RI001658. These cases were consolidated to be tried jointly.
Prior to trial the People indicated that they intended to introduce, as evidence-in-chief, the allocution from the guilty *224 plea on docket 2011RI002208 to show the defendant’s knowledge that his license was suspended at the times of the new arrests. Defense counsel did not consent to the introduction of the allocution but allowed that a certified copy of the minutes would suffice if the allocution was admitted.
During trial, the People moved to put the allocution from docket 2011RI002208 into evidence to show the defendant’s knowledge that his license was suspended. Defendant’s counsel objected. Among the reasons cited for his objection, counsel indicated that there was no notice pursuant to CPL 710.30 (1) (a) for these statements. He also conjectured that without a Huntley hearing there was no way of knowing if the statement, that is the plea of guilty, was voluntarily made. Defendant’s counsel did concede however that the defendant had not appealed the previous plea and sentence and had not sought any other post-sentence relief by way of a CPL article 440 motion or other litigation.
CPL 710.30 (1) states that
“[wjhenever the people intend to offer at a trial (a) evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20, or (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.”
CPL 710.20 (3) states (in pertinent part):
“Upon motion of a defendant who (a) is aggrieved by unlawful or improper acquisition of evidence and has reasonable cause to believe that such may be offered against him in a criminal action, ... a court may, under circumstances prescribed in this article, order that such evidence be suppressed or excluded upon the ground that it: . . .
“3. Consists of a record or potential testimony reciting or describing a statement of such defendant involuntarily made, within the meaning of section 60.45.”
*225 CPL 60.45 (2) states:
“A confession, admission or other statement is ‘involuntarily made’ by a defendant when it is obtained from him:
“(a) By any person by the use or threatened use of physical force upon the defendant or another person, or by means of any other improper conduct or undue pressure which impaired the defendant’s physical or mental condition to the extent of undermining his ability to make a choice whether or not to make a statement; or
“(b) By a public servant engaged in law enforcement activity or by a person then acting under his direction or in cooperation with him:
“(i) by means of any promise or statement of fact, which promise or statement creates a substantial risk that the defendant might falsely incriminate himself; or
“(ii) in violation of such rights as the defendant may derive from the constitution of this state or of the United States.”
After considering the relevant law and the arguments of counsel, the court was not persuaded by the defendant’s objections. Accordingly, the court allowed the allocution to be introduced into evidence and indicated it would issue a written decision for the benefit of parties.
A lack of notice pursuant to CPL 710.30 (1) (a) does not foreclose the use of all statements by the prosecution. It is clear that only involuntary statements, as defined by CPL 60.45, are subject to the notice requirement. Thus, statements constituting res gestae (People v Wells, 133 AD2d 385 [2d Dept 1987], lv denied 70 NY2d 939 [1987]), spontaneous statements (People v Pulido, 138 AD2d 641 [2d Dept 1988], lv denied 72 NY2d 960 [1988]), statements made to a codefendant which are overheard by law enforcement (People v Stewart, 160 AD2d 966 [2d Dept 1990]; People v Umana, 76 AD3d 1111 [2d Dept 2010], lv denied 15 NY3d 924 [2010]), statements made to private individuals (People v Batista, 277 AD2d 141 [1st Dept 2000], lv denied 96 NY2d 825 [2001]; People v Whitmore, 12 AD3d 845 [3d Dept 2004]; People v Mirenda, 23 NY2d 439 [1969]), testimony before a grand jury (People v Jones, 236 AD2d 217 [1st Dept 1997], lv denied 89 NY2d 1036 [1997]), statements made to EMS workers (People v Esmail, 260 AD2d 396 [2d Dept 1999], lv denied 93 *226 NY2d 970 [1999]) and pedigree statements (People v Miller, 123 AD2d 721 [2d Dept 1986], lv denied 70 NY2d 933 [1987]) do not require that a notice pursuant to CPL 710.30 (1) (a) be served to allow the People to use such statements on their case-in-chief.
Although they may be subject to a hearing on “traditional voluntariness,” statements made to members of law enforcement which are unnoticed pursuant to CPL 710.30 may still be used to cross-examine a defendant if he testifies at trial (People v Rigo, 273 AD2d 258 [2d Dept 2000], lv denied 95 NY2d 937 [2000]) and statements for which CPL 710.30 (1) (a) notice has been withdrawn may be used by the People on their rebuttal case (People v Varela, 22 AD3d 264 [1st Dept 2005], lv denied 6 NY3d 781 [2006], habeas corpus denied Varela v Marshall, 520 F Supp 2d 471 [SD NY 2007]). Statements which are clearly made voluntarily are not subject to the notice requirement (People v Roopchand, 107 AD2d 35 [2d Dept 1985], lv granted 64 NY2d 1025 [1985], affd 65 NY2d 837 [1985]; People v Smith, 151 AD2d 792 [2d Dept 1989], lv denied 74 NY2d 900 [1989]).
Since “CPL 710.30 is a notice statute intended to facilitate a defendant’s opportunity to challenge before trial the voluntariness of statements made by him” (People v Lopez, 84 NY2d 425, 428 [1994]), it does not include pleas of guilty which are presumptively voluntary when made.
“The voluntariness of a plea is challenged prior to sentencing by a motion to withdraw the plea under CPL 220.60, or after sentencing by a motion to set aside the plea under CPL 440.10 . . .
“In the absence of such a motion, however, the plea and the resulting conviction . . . are presumptively voluntary, valid and not otherwise subject to collateral attack” (People v Latham, 90 NY2d 795, 798-799 [1997]; see also United States v Broce, 488 US 563, 574 [1989] [“(i)t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked”]).
Thus, it is clear that the preclusion of the guilty plea at a subsequent proceeding, on grounds that the plea was involuntarily made, is not an appropriate remedy.
Analogous situations, dealing with the lack of notice pursuant to CPL 710.30 (1) (b) with regard to in court identifications, provide guidance.
*227 In People v White (73 NY2d 468, 473 [1989], cert denied 493 US 859 [1989]), “[t]he issue presented is whether the requirements of CPL 710.30 apply to judicially supervised identifications which occur when defendant is represented by counsel.” In ruling that a failure to serve a notice pursuant to CPL 710.30 for an in-court identification at a Wade hearing did not preclude an identification at a subsequent trial, the court noted that
“defendant knows of the identification and the notice purpose of the statute is not implicated. More importantly, defense counsel is present and has the ability to challenge the suggestive nature of the identification at the time it is taking place . . . The critical point is that there is no need for a separate hearing to enable defense counsel to make an argument that more appropriately should be made at the time the problem arises” White at 474-475).
Similarly, in People v Owens (43 AD3d 1185, 1186 [2d Dept 2007], lv denied 9 NY3d 1008 [2007]) the Court ruled that “[t]he investigator’s trial testimony that he saw the defendant at a prior court proceeding at which the defendant was represented by counsel, was not subject to CPL 710.30 notice.”
The rationale of White would logically apply to judicially supervised statements as well, particularly guilty pleas from a defendant represented by counsel. If there is a problem with the substance or voluntariness of the allocution, the defendant’s attorney is present and able to stop the proceeding or move to withdraw the pleas as soon as a problem is apparent. And of course, the judge, a neutral and detached party, is present as a second safeguard to insure that the plea is voluntarily made.
Lastly, requiring notice pursuant to CPL 710.30 (1) (a) for guilty pleas so as to hold a hearing to determine voluntariness would lead to an illogical result.
The benchmark case for voluntariness of statements made by a defendant to a member of law enforcement is, of course, Miranda v Arizona (384 US 436 [1966]). Since the “essential purpose of Miranda” is “to protect defendants from self-incrimination in response to questions posed as part of the investigation of a crime, as distinguished from noninvestigative inquiries” and the prosecution may not use a custodial statement made by the defendant “unless it can demonstrate ‘the use of procedural safeguards effective to secure the privilege against self incrimination’ ” (People v Rodney, 85 NY2d 289, 292 [1995], citing Miranda at 444) the hearing as to the volun *228 tariness of a guilty plea would be redundant since all the procedural safeguards are met when a defendant represented by counsel enters a plea and the judge, in accepting the guilty plea, has already determined that the allocution was voluntarily made. Even if the voluntariness of a plea was properly challenged by a Huntley hearing, which it is not, the filing of a notice pursuant to CPL 710.30 (1) (a) serves no practical purpose. The statement to be “contested” as involuntarily made is not made to the traditional members of law enforcement seeking evidence from the defendant. Police officers are usually not present in court during a plea and, even if they are, they play no role in the process. The Assistant District Attorney plays little or no part in the plea allocution except to give a recommendation on the appropriate sentence and acknowledge that the plea is acceptable to the People when the defendant’s conviction is for one less than the top charge. The defendant, for all intents and purposes, makes his statement to a judge. Thus, if the People did indeed serve a notice pursuant to CPL 710.30 (1) (a), they would be required to call, as a witness at a hearing to determine the voluntariness of a plea, the judge who took the plea, since the judge is the person “best able to determine whether a plea is entered voluntarily, knowingly and intelligently” (People v Alexander, 97 NY2d 482, 485 [2002]). This makes a subsequent hearing on the voluntariness of a guilty plea unnecessary. Requiring a hearing to determine that which is already resolved is illogical, redundant and not the purpose or function of the CPL 710.30 notice requirement.
Accordingly, defendant’s motion to preclude the introduction of the allocution of his guilty plea on a previous case is denied.